UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIMBERLY A. SNOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-434 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Kimberly Snow's claim for benefits. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $5,510.25. [DE 32]. On remand, the Commissioner made a fully favorable decision on Ms. Snow' claim. That resulted in an award of past-due benefits in the amount of $72,939.60, 25% of which is $18,234.90. [DE 34-3]. According to the fee agreement, Ms. Snow agreed to pay her counsel 25% of all past-due benefits. [DE 34-1]. Ms. Snow's attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). He seeks one quarter of the amount of past-due benefits, which totals to $18,234.90. Counsel also represents that he will return the EAJA award to Ms. Snow upon receipt of that award. [DE 34 at 6]. Neither the Commissioner nor the Plaintiff have expressed any position in response to this motion.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 46.9 hours on Ms. Snow' appeal in this Court. Counsel spent 9.65 hours of attorney time on Ms. Snow's appeal in this Court, while the remaining 37.25 hours were made up by non-attorney staff time. [DE 34-4]. Considering only the attorney time, the hourly rate for work on Ms. Snow's case is $1,889.63 per hour. While that rate is high when viewed on its own, it becomes reasonable when viewed in light of the contingent nature of the work and that when considering non-attorney time as well the resulting hourly rate is about $388.80 per hour, which is well within the range of rates that courts have approved in this context. Also, because counsel received an EAJA award, which will be returned to Ms. Snow upon receipt of an award under § 406(b), the net cost to Ms. Snow will be only $12,724.65. Given the excellent result Ms. Snow achieved through this action, that is very reasonable.

2

The Court GRANTS the motion for attorneys' fees under § 406(b) in the amount of $18,234.90 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 33]. Upon receipt of that amount, counsel shall refund the previously awarded EAJA fees to Ms. Snow.

SO ORDERED.

ENTERED:  October 1, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court